UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McCOWEN,

        Petitioner,               Case No. 1:15-cv-443

v.                                           Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Robert McCowen presently is incarcerated at the Michigan Reformatory. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b, two counts of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c, and one count of bribing, influencing or intimidating a witness, MICH. COMP. LAWS § 750.122(7)(b). On March 16, 2012, he was sentenced to prison terms of 30 to 50 years for each of the CSC I convictions, 5 to 15 years for each of the CSC II convictions, and 5 to 10 years for the witness-intimidation conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising a single claim:

> I. WHERE THE WEIGHT OF THE EVIDENCE SO PREPONDERATES AGAINST THE VERDICT THAT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT, AND CONST. 1963, ART. 1 §17, IS VIOLATED, IS A NEW TRIAL REQUIRED?

(Def.'s Br. on Appeal, Ex. B. to Pet., docket #2-1, Page ID#46.) In an unpublished opinion issued on October 17, 2013, the court of appeals rejected Petitioner's claim and affirmed his convictions. (10/17/13 Mich. Ct. App. Op. (MCOA Op.), Ex. A. to Pet., docket #2-1, Page ID##38-40.) Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issue presented to the court of appeals. The Supreme Court denied leave to appeal on February 28, 2014. (2/28/14 Mich. Sup. Ct. Ord. (MSC Ord., docket #2-1, Page ID#64.)

Petitioner filed the instant habeas petition on or about April 23, 2015, again arguing that the jury's verdict was against the great weight of the evidence. The petition was timely filed.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

Petitioner argues in his brief in support of his habeas petition and in his brief on appeal to the Michigan Court of Appeals that his daughter's testimony was not credible for a variety of reasons: she gave conflicting statements over a period of time; she had motive to lie because she was mad at Petitioner for taking her phone and not letting her date older boyfriends; she blamed Petitioner for her mother's drug addiction; and DNA analysis of the rape kit obtained from the complainant showed a sperm cell from another man but none from Petitioner. Petitioner also argued that other witnesses at trial, including the complainant's mother, stepmother, and grandmother, all testified that they had not seen abuse and that they believed Petitioner to be a good father. Petitioner

contends that, under these circumstances, the verdict was against the great weight of the evidence, ostensibly in violation of the Fourteenth Amendment and the Michigan Constitution.

Notwithstanding his invocation of the Fourteenth Amendment, Petitioner's claim that the verdict was against the great weight of the evidence does not state grounds for habeas corpus relief.[1] The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). The Michigan courts apply the great-weight-of-the-evidence standard to determine whether to grant a new trial. *See People v. Lemmon*, 576 N.W.2d 129, 137 (Mich. 1998). This question is distinct from the due-process guarantee offended by insufficient evidence and "does not implicate issues of a constitutional magnitude." *Id.* at 133 n.8. As a consequence, a "weight of the evidence claim" is purely a matter of state law and is not cognizable on habeas review. *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a state's criminal judgment susceptible to a collateral attack in the federal courts."); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ( "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *accord Chatman v. Warden Ross Corr. Inst.*, No. 2:10–cv–1091, 2013 WL 1663919, at *10 (S.D. Ohio Mar. 26, 2013); *Underwood v. Berghuis*, No. 1:08–cv–642, 2011 WL 693 8471, at *15 (W.D. Mich. Aug. 8, 2011) ("Since a 'weight of the evidence claim' is purely a matter of state law, it is not cognizable on habeas review."). The state court examined Petitioner's claim under state law and found it to be without merit. Because this Court lacks authority to review a state

---

[1] The sole cognizable habeas claim concerning the adequacy of proofs is a claim that the evidence is constitutionally insufficient to support the verdict, in violation of the Due Process Clause. A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Petitioner has never alleged, either in the state courts or in this Court, that the evidence was constitutionally insufficient under *Jackson*.

court's application of its own law, the state-court determination that the verdict was not against the great weight of the evidence is final.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: May 18, 2015                     /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge